IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY J. WOFFORD | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 3-09-CV-0528-P |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Sherry J. Wofford seeks judicial review of a final adverse decision of the Commissioner of Social Security pursuant to 42 U.S.C. § 405(g). For the reasons stated herein, the hearing decision should be reversed.

I.

Plaintiff alleges that she is disabled due to a variety of ailments, including sarcoidosis, pain in her neck, shoulder, and lower back, high blood pressure, and high cholesterol. After her application for disability benefits was denied initially and on reconsideration, plaintiff requested a hearing before an administrative law judge. That hearing was held on October 2, 2007. At the time of the hearing, plaintiff was 40 years old. She has an eleventh grade education and past work experience as a fast food worker, a hospital cleaner, a counter clerk, and a packager. Plaintiff has not engaged in substantial gainful activity since November 1, 2002.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability benefits. Although the medical evidence established that plaintiff suffered from sarcoidosis, obesity, status post ankle fracture, a learning disability, and sleep apnea, the judge concluded that the severity of

those impairments did not meet or equal any impairment listed in the social security regulations. The ALJ further determined that plaintiff had the residual functional capacity to perform a limited range of light work, but could not return to her past relevant employment. Relying on the testimony of a vocational expert, the judge found that plaintiff was capable of working as a charge account clerk, a telephone quotation clerk, and a callout operator -- jobs that exist in significant numbers in the national economy. Plaintiff appealed that decision to the Appeals Council. The Council affirmed. Plaintiff then filed this action in federal district court.

II.

In her sole ground for relief, plaintiff contends that substantial evidence does not support the finding that she can perform other work in the national economy.

A.

Judicial review in social security cases is limited to determining whether the Commissioner's decision is supported by substantial evidence and whether the proper legal standards were used to evaluate the evidence. *See* 42 U.S.C. § 405(g); *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *see also Austin v. Shalala*, 994 F.2d 1170, 1174 (5th Cir. 1993). It is more than a scintilla but less than a preponderance. *See Richardson*, 91 S.Ct. at 1427. The district court may not reweigh the evidence or substitute its judgment for that of the Commissioner, but must scrutinize the entire record to ascertain whether substantial evidence supports the hearing decision. *See Hollis v. Bowen*, 837 F.2d 1378, 1383 (5th Cir. 1988).

A disabled worker is entitled to monthly social security benefits if certain conditions are met. 42 U.S.C. § 423(a). The Act defines "disability" as the inability to engage in substantial gainful

activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or last for a continued period of 12 months. *Id.* § 423(d)(1)(A); *see also Cook v. Heckler*, 750 F.2d 391, 393 (5th Cir. 1985). The Commissioner has promulgated a five-step sequential evaluation process that must be followed in making a disability determination:

1. The hearing officer must ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The hearing officer must determine whether the claimed impairment is "severe." A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities. This determination must be made solely on the basis of the medical evidence.

3. The hearing officer must decide if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations. This determination is made using only medical evidence.

4. If the claimant has a "severe impairment" covered by the regulations, the hearing officer must determine whether the claimant can perform his or her past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform past work, the hearing officer must decide whether the claimant can perform any other gainful and substantial work in the economy. This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

*See generally*, 20 C.F.R. § 404.1520(b)-(f). The claimant has the initial burden of establishing a disability in the first four steps of this analysis. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing other work in the national economy. *Id.* A finding that

the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. *See Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987).

In reviewing the propriety of a decision that a claimant is not disabled, the court's function is to ascertain whether the record as a whole contains substantial evidence to support the Commissioner's final decision. The court weighs four elements to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) subjective evidence of pain and disability; and (4) the claimant's age, education, and work history. *See Martinez v. Chater*, 64 F.3d 172, 174 (5th Cir. 1995), *citing Wren v. Sullivan*, 925 F.2d 123, 126 (5th Cir. 1991). The ALJ has a duty to fully and fairly develop the facts relating to a claim for disability benefits. *See Ripley*, 67 F.3d at 557. If the ALJ does not satisfy this duty, the resulting decision is not substantially justified. *Id.* However, procedural perfection is not required. The court will reverse an administrative ruling only if the claimant establishes prejudice. *See Smith v. Chater*, 962 F.Supp. 980, 984 (N.D. Tex. 1997).

B.

The ALJ found that plaintiff has the residual functional capacity to perform a limited range of light work, including the jobs of charge account clerk, telephone quotation clerk,[1] and callout operator. (*See* Tr. at 27). In making that finding, the ALJ expressly relied on the testimony of Thomas R. Irons, a certified vocational rehabilitation counselor. (*Id.*). However, according to plaintiff, Irons based his testimony on a defective hypothetical question that failed to take into account her ability to read only at a third to fifth grade level -- a limitation specifically recognized by the ALJ. (*See id.* at 23).

---

[1] The ALJ actually found that plaintiff is capable of performing the job of "telephone quality control." (*See* Tr. at 27). The court believes this is a typographical error that has no significance to the disability determination.

A hypothetical question to a vocational expert cannot provide substantial evidence supporting the denial of benefits unless: (1) the hypothetical reasonably incorporates all the disabilities of the claimant recognized by the ALJ; and (2) the claimant or her representative is afforded the opportunity to correct deficiencies in the question. *See Boyd v. Apfel*, 239 F.3d 698, 706-07 (5th Cir. 2001); *Bowling v. Shalala*, 36 F.3d 431, 436 (5th Cir. 1994). Where an ALJ finds that a claimant is not disabled based on answers to a defective hypothetical, substantial evidence does not support the finding, and the case should be reversed and remanded for further administrative proceedings. *See Bridges v. Comm'r of Social Sec. Admin.*, 278 F.Supp.2d 797, 807 (N.D. Tex. 2003).

At the administrative hearing, the ALJ asked Irons:

> You have a hypothetical individual who is limited to lifting 20 pounds occasionally, 10 pounds frequently, standing, walking no more then [sic] two hours a day, sitting six hours a day, no ropes, ladders, scaffolds, no exposure to fumes, gases, chemicals, occasional postural limitations . . . Would there be other jobs that would satisfy those requirements?

(Tr. at 89-90). Irons responded that the hypothetical individual could work as a charge account clerk, a telephone quotation clerk, and a callout operator. (*Id.* at 90). The ALJ then asked if a hypothetical individual with those same limitations, but who could read and write only at a third grade level, would be able to perform those jobs:

> Q: [BY ALJ]. If the individual has very limited reading and writing skills would they be able to do any of that work?
>
> A: [BY VE] . . . [A]n individual for all three of those jobs that I've mentioned . . . would need to be functioning at the language development level, which is related to reading, writing, speaking. . . Being able of [sic] reading novels, magazines, reading safety rules, writing would be writing a report, being able to punctuate, spell, using all parts of speech, speaking would be using correct English, well modulated voice.

> Q: [I]f we had the limitation of essentially third grade reading, third grade reading and writing they would not be able to do that work, is that the case?
>
> A: *[I]f they had third grade reading and writing levels that would be correct. They could not do that type of work I just mentioned.*
>
> Q: *Any of those three jobs?*
>
> A: *That's right.*
>
> Q: Would there be other work that they could do that would satisfy the other requirements?
>
> A: Order clerk, food and beverage, DOT code number 209.567-014, 18,100 nationally, 1,400 state of Texas. Next is cutter and paster, press clippings, 249.587-014, 21,100 nationally, 1,500 state of Texas. Addresser, 209.587-010, 25,000 nationally, 1,400, state of Texas, and that's at the third to fifth grade level.

(*Id.* at 91-92) (emphasis added). It is clear from the record that the original hypothetical question to the vocational expert did not incorporate all the functional limitations found by the ALJ. Specifically, the vocational expert was not asked to assume that the hypothetical individual could read only at a third to fifth grade level. When the ALJ modified the question to include such a limitation, the vocational expert unequivocally testified that the hypothetical individual could *not* perform the jobs of charge account clerk, telephone quotation clerk, and callout operator. (*See id.* at 91). Because the ALJ based her decision on answers to a defective hypothetical question, the case must be remanded. *See, e.g. Boyd*, 239 F.3d at 707 (disability determination is not supported by substantial evidence if hypothetical to vocational expert does not incorporate all functional limitations found by ALJ); *Bowling*, 36 F.3d at 436 (ALJ committed reversible error by basing unfavorable decision on answers to defective hypothetical); *Bridges*, 278 F.Supp.2d at 807 (same).

The Commissioner concedes that "the initial hypothetical was defective and that Wofford may not [be] able to perform the three jobs the ALJ identified." (*See* Def. MSJ Br. at 6). Nevertheless, the Commissioner argues that such error was harmless because the vocational expert identified a number of other jobs that plaintiff can perform and that exist in significant numbers in the national economy. (*See id.* at 6, 8). Although Irons testified that a hypothetical individual with plaintiff's limitations, including the ability to read only at the third to fifth grade level, could work as a food and beverage order clerk, a cutter and paster, and an addresser, the ALJ did not find that plaintiff was capable of performing those jobs. This court may not affirm the hearing decision on any ground other than the grounds cited by the ALJ. *See SEC v. Chenery Corp.*, 332 U.S. 194, 196, 67 S.Ct. 1575, 1577, 91 L.Ed. 1995 (1947) ("[A] reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis."); *Jordy v. Apfel*, 170 F.3d 184 (Table), 1999 WL 46952 at *1 (5th Cir. Jan. 25, 1999) (district court may not weigh the evidence and make a disability determination of its own). Rather, the hearing decision must stand or fall with the reasons set forth therein. *See Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Because the ALJ made no findings with respect to the other jobs mentioned by the vocational expert, the case must be remanded for an express determination of whether plaintiff can perform those other jobs in view of *all* her functional limitations.

## **RECOMMENDATION**

The hearing decision should be reversed and this case remanded to the Commissioner of Social Security for further proceedings consistent with this opinion.[2]

---

[2] By remanding this case for further administrative proceedings, the court does not suggest that plaintiff is or should be found disabled.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 6, 2010.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE